# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **JEREMY SCOTT CARTER,** | ) | Civil Action No. 7:13-cv-00374 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| **HAROLD W. CLARKE, et al.,** | ) | By: Hon. Michael F. Urbanski |
| Defendants. | ) | United States District Judge |

Jeremy Scott Carter, a Virginia inmate proceeding pro se, filed a verified Complaint, pursuant to 42 U.S.C. § 1983 and Virginia law, and a motion for a temporary restraining order ("TRO"), about Virginia Department of Correections ("VDOC") Policy 720.6 and the dental care he has received in prison. Plaintiff requests a TRO to force defendants Dr. George Bailey, the Dentist at the Keen Mountain Correctional Center ("KMCC"), and Hyden L. Fleming, the Dental Assistant at KMCC, to give Plaintiff dentures within fourteen days. The court reviewed Plaintiff's submissions and finds that Plaintiff is not presently entitled to a TRO.

## I.

Plaintiff's verified Complaint and attachments reveal the following facts. Plaintiff had all but eight teeth extracted by May or June 2012 as a result of damage to his teeth from another inmate's attack.[1] Dr. Bailey told Plaintiff that VDOC policy required Dr. Bailey to remedy all cavities in Plaintiff's remaining eight teeth before ordering dentures. Dr. Bailey also explained that he was not sure when he could treat all the cavities because so many inmates request his services.

---

[1] The circumstances of the attack, which are described in Carter v. Johnson, No. 7:10-cv-00342, slip op. (W.D. Va. Mar. 12, 2013), are not relevant to the disposition of the instant motion.

After completing an unspecified dental treatment on Plaintiff in late 2012, Dr. Bailey explained that he would treat only two of Plaintiff's multiple cavities at each subsequent appointment and that each appointment would be set two months apart.[2] Dr. Bailey treated two of the last four cavities in April 2013, treated the third cavity "three or four months" later, but has not yet treated the last cavity. Defendant Fleming estimates that, even after the last cavity is treated, Plaintiff would still wait another month before being fitted for dentures and another month to receive them. Plaintiff asks the court to order Dr. Bailey to give Plaintiff dentures within fourteen days because Plaintiff allegedly experiences bleeding gums when brushing his teeth, difficulty eating, nausea, stomach pain, and mouth pain.[3]

## II.

"The grant of interim [injunctive] relief is an extraordinary remedy involving the exercise of a very far-reaching power, which is to be applied only in the limited circumstances which clearly demand it." Steakhouse, Inc. v. City of Raleigh, 166 F.3d 634, 637 (4th Cir. 1999). A court may issue a TRO without providing notice where "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition[.]"[4] Fed. R. Civ. P. 65(b)(1)(A). A movant must also establish (1) that he is likely to succeed on the merits, (2) that the balance of equities tips in his favor, and (3) that an injunction is in the public interest. Winter v. Nat'l Res. Defense Council, Inc., 555 U.S. 7, 19-22 (2008).

---

[2] Plaintiff does not state the total number of cavities he had.
[3] Notably, Plaintiff explains that he is still able to eat soft foods and does not allege that pain medications are not available to him.
[4] Plaintiff did not certify in writing any effort he made to give a defendant notice of the motion for a TRO, and he did not explain why notice should not be required. Fed. R. Civ. P. 65(b)(1)(B); see Jourdan v. Jabe, 951 F.2d 108, 109-10 (6th Cir. 1991) (holding that a pro se litigant is not entitled to special consideration to excuse a failure to follow a straightforward procedural requirement that a lay person can comprehend as easily as a lawyer).

After weighing these considerations, the court finds that Plaintiff is not entitled to a TRO. Although Plaintiff argues that his continued discomfort qualifies as an injury, nothing in the record demonstrates the likelihood of immediate and irreparable harm before Defendants respond to the Complaint.[5] Plaintiff does not establish that he is likely to succeed on the merits of an Eighth Amendment medical claim because he receives on-going treatment by medical professionals, including a dentist, to diagnose and treat his teeth. See Farmer v. Brennan, 511 U.S. 825, 838 (1994) (recognizing deliberate indifference requires a state actor to have been personally aware of facts indicating a substantial risk of serious harm, and the actor must have actually recognized the existence of such a risk). Furthermore, Plaintiff acknowledges that he has not complied with the expert certification requirement to pursue a medical malpractice action, pursuant to Virginia Code § 8.01-20.1.[6] Moreover, a prisoner's disagreement with medical personnel over the course of treatment does not state a § 1983 claim. See, e.g., Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985); Russell v. Sheffer, 528 F.2d 318, 319 (4th Cir. 1975) (per curiam).

The balance of equities tips in Defendants' favor because they are more able than Plaintiff or the court to presently decide how to allocate prison resources to monitor and treat Plaintiff's medical needs. Involving a federal court in the day-to-day administration of a prison is a course the judiciary generally disapproves of taking. See, e.g., Bell v. Wolfish, 441 U.S. 520, 540 n.23, 548 n.29 (1979) (explaining that maintaining security and order and operating institution in manageable fashion are considerations peculiarly within the province and professional expertise of corrections officials). The public's interest is better served by not

---

[5] Indeed, by all indications revealed in the Complaint, Plaintiff may have the last cavity filled, be fitted for dentures, and receive the dentures by the time Defendants would answer the Complaint.

[6] Instead, Plaintiff tenuously relies on the exception to the certification requirement, arguing that expert testimony is unnecessary because the alleged "negligence clearly lies within the range of the jury's common knowledge and experience." VA. CODE § 8.01-20.1

presently interfering with penal administration, especially since Plaintiff's has not yet qualified to proceed in forma pauperis or paid the filing fees.

**III.**

Based on the arguments in the motion, the allegations in the Complaint, and the present status of the case, no adequate basis exists to grant a TRO, and Plaintiff's motion for a TRO is denied.

The Clerk is directed to send copies of this Memorandum Opinion and the accompanying Order to Plaintiff.

Entered: August 19, 2013

/s/ Michael F. Urbanski

Michael F. Urbanski
United States District Judge